21143. NEUFVILLE *et al. v.* ROBINSON *et al.*

STEPHENS, J. 1. In Cobb County the duties of the ordinary, as respects applications for the establishment and alteration of roads, as provided in sections 640 and 641 of the Political Code of 1910, devolve upon a sole "Commissioner of Roads and Revenues" of that county, by a local act applicable to Cobb County, approved August 7, 1924 (Ga. L. 1924, p. 314), wherein it is provided, in section 8, that "said commissioner shall have and he is hereby vested with exclusive jurisdiction and control over the following matters, to wit: . . In establishing, altering or abolishing all public roads, public bridges, and ferries in conformity to law," and further that he "shall exercise all the powers and duties heretofore vested in the ordinary of said county when sitting for county purposes, and shall exercise such other powers and duties in connection therewith as are granted by law or may be indispensable to his jurisdiction over county matters, except that in financial matters he shall be subject to the limitations hereinafter provided."

2. The jurisdiction of the ordinary, as provided in sections 640 and 641 of the Political Code of 1910, with reference to passing on objections to the establishment or alteration of a road, extends only to the question of marking, laying out, and establishing the road, and as to whether it is of public utility, and does not extend to the performance of any duty incident to the building or construction of the proposed road, or the purchasing of materials or machinery, or the raising of revenues, or the disbursement of county funds, therefor. It follows therefore that the act approved August 7, 1924 (Ga. L. 1924, p. 314), which creates a sole "Commissioner of Roads and Revenues" for the County of Cobb, and vests him with exclusive jurisdiction to establish and alter the public roads of the county, and to exercise the powers and duties which have been vested in the ordinary of the county when sitting for county purposes, except in financial matters where he must act only as a member of an advisory board consisting of himself, the ordinary, and the clerk

of the superior court, does not anywhere or in section 9 thereof, which defines the powers of the advisory board and provides that the ordinary and the clerk of the superior court of the county are to serve and act in conjunction with the commissioner of roads and revenues "in handling all financial affairs of the county, . . management or disbursement of county funds, . . supervising and awarding contracts for the purchase or sale of properties, supplies, machinery, and materials of all kinds, as well as contracts for building of bridges, construction of road projects or public buildings of the county," contain any limitation upon the power of the Commissioner of Roads and Revenues, when acting alone and not in conjunction with the ordinary and the clerk of the superior court, to establish or alter the public roads of the county, and to pass upon applications for the establishment of a new road and to determine all questions arising out of objections filed to such applications as provided in sections 640 and 641 of the Political Code of 1910.

3. Where a new road, which has been marked and laid out by road commissioners appointed by the ordinary upon an application for the establishment of a new road, as provided in section 640 of the Political Code of 1910, has, by the road commissioners, in their report to the ordinary, been found to be of public utility, as provided in this section of the code, and where the ordinary has published a citation for a hearing upon the application, as provided in section 641 of the Political Code of 1910, and where it is the duty of the ordinary as provided in this section of the code to grant the application as approved by the road commissioners "if no good cause is shown to the contrary," the new road is presumably one of public utility, and until the contrary is made to appear, the ordinary, in passing upon the application, is authorized to sustain the report of the road commissioners and to order the establishment or alteration of the road as provided in the finding of the road commissioners as reported. On a hearing before the ordinary, as provided in section 641 of the Political Code of 1910, upon the issue formed by the objections filed to the application after the report of the road commissioners has been made to the ordinary, the burden is upon the objectors to show, by a preponderance of the evidence, that the proposed new road is not one of public utility. Upon such a hearing before the Commissioner of Roads and Revenues of Cobb County, evidence that the establishment of the proposed new road would damage property located on the existing established road, and that, by reason of cuts and fills in the new road, its establishment would damage property through which it is proposed to go, and would be of special benefit to property which is not located upon the old road, including the patrons of a neighboring golf course to which the proposed new road would lead, that the new road would shorten the distance between points reached by the existing road, and would be a straight road and one which would be safer for travel than the existing road, is insufficient to establish conclusively and as a matter of law that the proposed new road is not of public utility as found by the road commissioners.

4. The fact that a county is insolvent or financially unable to build a proposed new road or to pay for property which may be taken by con-

demnation proceedings in the building of the road does not affect the character of the road as being a public utility as provided in section 640 of the Political Code of 1910.

5. Notice to a property owner affected by the establishment of a new road, of the appointment of commissioners to mark out the proposed new road if they find it of public utility, and report their findings to the ordinary as provided in section 640 of the Political Code of 1910, is not required by the statute. Nor is such notice essential to constitute due process of law where, before the ordinary can order the laying out and establishment of the proposed road, the property owners affected are, as provided in section 641 of the Political Code of 1910, entitled to notice, and given an opportunity to be heard.

6. Where the judgment made upon the hearing of objections to the application for the establishment of a new road, as provided in sections 640 and 641 of the Political Code of 1910, does not provide for the abandonment or discontinuance of the old established road, and the new road as laid out by the road commissioners and approved by the Commissioner of Roads and Revenues of Cobb County does not close or block the existing established old road, the judgment of the Commissioner of Roads and Revenues is not erroneous in that it operates to violate an injunction of the superior court enjoining the abandonment and closing of the old road.

7. The judgment of the Commissioner of Roads and Revenues of Cobb County, establishing the new road, was authorized by the evidence and was not contrary to law, and the judge of the superior court did not err in overruling the certiorari brought by the objectors to the application for the establishment of the new road.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 16, 1931.

*Thomas G. Lewis, Neufville & Neufville,* for plaintiffs in error. *Fred Morris, Roberts & Vandiviere,* contra.